# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ELENA A. STILLWELL, | DOCKET NUMBER |
| Appellant, | SF-0841-15-0135-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: June 5, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rodelio V. Mendoza, Calabanga, Camarines Sur, Philippines, for the appellant.

Christopher H. Ziebarth, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal concerning her entitlement to death benefits under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only when:  the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal stating that she was seeking verification of her entitlement to death benefits based on her husband's federal service. Initial Appeal File (IAF), Tab 1 at 4. The administrative judge issued an order informing the appellant of the applicable jurisdictional criteria and her burden of proving that the Board has jurisdiction over her appeal. IAF, Tab 2 at 2. The administrative judge further informed the appellant that the Board may not have jurisdiction over her appeal and ordered her to submit proof that the Office of Personnel Management (OPM) issued a final decision on her request for benefits. *Id*. The appellant responded to the order by arguing that the Board has found jurisdiction over appeals concerning retirement benefits when OPM has failed to issue a final appealable decision and engaged in substantial delays. IAF, Tab 3 at 4. The appellant also submitted various documents, none of which included a final decision issued by OPM.[2] IAF, Tab 9 at 4-9, Tabs 10-13.

---

[2] The documents submitted by the appellant included: her June 30, 2014 application for death benefits under CSRS; her email correspondence from OPM stating that it was unable to find records showing any CSRS service under her husband's social security

¶3    OPM responded by filing a motion to dismiss the appeal arguing, in pertinent part, that "[t]he Board's jurisdiction is limited to matters addressed by OPM in a final decision," and there is no evidence that OPM issued a final decision on the matter raised by the appellant in her appeal.  IAF, Tab 7 at 4.  OPM further stated that it had no record of an application for benefits filed by the appellant.  *Id.*  In opposition to the agency's motion, the appellant argued that OPM received her June 30, 2014 application for benefits and she asked the Board to determine her eligibility for death benefits.  IAF, Tab 8 at 5.

¶4    The administrative judge issued an order setting the date for closing the record, noting that OPM had not even issued an initial decision concerning the appellant's application for death benefits and stating that she would dismiss the appeal without evidence that OPM issued a reconsideration decision.  IAF, Tab 14 at 1-2.  Before the record closed on appeal, the appellant submitted argument that the Board had jurisdiction to consider her appeal because 7 months had passed since she filed her June 30, 2014 application for death benefits and OPM had failed to issue an initial or final decision.  IAF, Tab 15 at 4.  The appellant also asked the Board to remand the appeal to OPM for a decision on the merits of her claim for death benefits.  *Id.*

¶5    The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction because OPM had not yet issued an appealable reconsideration or final decision.  IAF, Tab 17, Initial Decision (ID) at 5.  The administrative judge found no compelling circumstances warranting an exercise of jurisdiction by the Board in the absence of a final decision from OPM on the

---

number; and her November 16, 2014 request that OPM make a final appealable decision on her application.  IAF, Tab 9 at 4-9, Tabs 10-11, 13.  The appellant also provided additional documents including, but not limited to, a copy of her marriage certificate, Form DD-214 documenting her late husband's military service, a report from the U.S. Department of State documenting her husband's death abroad, copies of benefits-related laws, and her letter to the Department of Veterans' Affairs discussing a claim for an asbestos-related injury to her late husband.  IAF, Tab 9 at 13, Tab 11, Tab 12 at 4-6.

appellant's application for death benefits. ID at 4. The administrative judge also denied the appellant's request to remand the appeal to OPM. *Id.*

¶6        The appellant filed a petition for review arguing that the Board has jurisdiction over decisions "affecting the rights or interests of an individual under the Federal retirement laws," even in the absence of a final reconsideration decision from OPM, if OPM refuses or improperly fails to issue a final decision. Petition for Review (PFR) File, Tab 1 at 5. The appellant also argues the merits of her appeal and asks the Board to remand her appeal to OPM for a final decision on the merits of her application for benefits.[3] *Id.* at 4, 7. In response, OPM asks the Board to deny the appellant's petition for review for failure to meet the Board's review criteria. PFR File, Tab 12 at 4. OPM also asserts that there is no evidence that her deceased spouse "was ever employed as a Federal civilian employee with coverage under the retirement act; nor has the appellant supplied such evidence." *Id.*

¶7        The appellant has the burden of proving jurisdiction over her appeal. *See Reid v. Office of Personnel Management*, 120 M.S.P.R. 83, ¶ 6 (2013). The Board's jurisdiction over CSRS retirement cases is granted by 5 U.S.C. § 8347(d)(1). The Board generally has jurisdiction over an OPM determination on the merits of a matter affecting the rights or interests of an individual under CSRS only after OPM has issued a final decision. 5 U.S.C. § 8347(d)(1); 5 C.F.R. § 831.110. The Board generally lacks jurisdiction to hear an appeal of a retirement matter before OPM has issued a final decision on the matter and,

---

[3] The appellant also filed several motions on review, all of which we deny. For example, she filed a motion for acknowledgment, and the Clerk of the Board subsequently issued an acknowledgment letter. PFR File, Tabs 4, 7. She filed a motion for OPM to respond to her PFR, and OPM responded. PFR File, Tabs 5, 12. She filed a motion expressing her interest in settling her appeal and discussions were undertaken but there was no agreement. PFR File, Tabs 3, 8. She also filed a motion for leave to file an additional pleading; however, she failed to clearly describe the nature and need for the additional pleading as required by 5 C.F.R. § 1201.114(a)(5). PFR File, Tab 9, Tab 10 at 4-5; *see* 5 C.F.R. § 1201.114(a)(5).

accordingly, will dismiss the appeal. *Ramirez v. Office of Personnel Management*, [114 M.S.P.R. 511](), ¶ 7 (2010). The Board has recognized an exception to that general rule, however, when OPM has failed to render a decision. *Id.* The Board will take jurisdiction, even absent an OPM final decision, when the appellant has repeatedly requested such a decision and the evidence indicates that OPM does not intend to issue a final decision. *Id.*

¶8 This is not such a case. It is undisputed that OPM has not issued an appealable decision on the appellant's request for death benefits. Moreover, the appellant offered no evidence that she repeatedly requested a final decision from OPM and the evidence does not indicate that OPM does not intend to issue a final decision.[4] Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction. Because the Board has no jurisdiction over this appeal, the Board cannot consider the remaining arguments raised by the appellant concerning the merits of her application for death benefits and motion for imposing sanctions on OPM.[5] We therefore deny the petition for review and the appellant's request to remand the appeal to OPM.

---

[4] The record reflects that the appellant sent an email to OPM on November 16, 2014, asking for a final appealable decision on her application for death benefits. IAF, Tab 9 at 10. On November 18, 2014, OPM's Senior Legal Administrative Specialist for Survivor Processing responded to the appellant's request, stating in pertinent part:

> I apologize for the delay in responding to your application for death benefits for [your late husband]. We are currently searching our files for his records of CSRS service. Once the search is completed we will be able to respond to your application. Thank you for your continued patience in this process.

*Id*. at 9.

[5] The appellant filed a motion to impose sanctions against OPM for reasons that are unclear but appear to include an alleged failure by OPM to respond to her proposed settlement agreement and for concealing "the truth regarding the rights of [a] former federal employee." PFR File, Tab 6 at 4, Tab 10 at 4.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.